UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LEE A. BARNES,

          Petitioner,          Case No. 1:17-cv-265

v.                                       Honorable Paul L. Maloney

MICHIGAN DEPARTMENT OF
CORRECTIONS,

          Respondent.
_____/

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action brought by a former state prisoner under 28 U.S.C. § 2254. On January 18, 2018, Magistrate Judge Phillip J. Green entered a report and recommendation recommending that the petition, and a certificate of appealability, be denied. (ECF No. 6.) Petitioner now has filed a notice of appeal as if the report and recommendation were a final judgment. Petitioner is put on notice that the report and recommendation is not a final judgment, as set forth in the report and recommendation, Petitioner has an opportunity to file objections to the report and recommendation in this Court.

The Sixth Circuit Court of Appeals has docketed Petitioner's appeal and instructed Petitioner to seek a certificate of appealability and leave to proceed on appeal *in forma pauperis* in this Court. (ECF No. 8.) Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice

of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard a petitioner must meet depends on whether the issues raised in the petition were denied on the merits or on procedural grounds.

With respect to the issues resolved on the merits, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Magistrate Judge Green recommended denial of the petition on grounds of mootness, non-cognizability, and lack of substantive merit. If the Court denies the petition on those grounds, it would review a request for a certificate of appealability under the "merits" standard. In this instance, however, the Court denies a certificate of appealability, not because the petition is substantively or procedurally lacking, but because the notice of appeal is procedurally flawed. The appeal is premature; there has been no final decision to form the basis of the *Slack* analysis. The Court finds that reasonable jurists could not debate that point; therefore, the Court denies Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for certificate of appealability, taken from the notice of appeal (ECF No. 7), is **DENIED**.

Dated:   February 5, 2018                                 /s/  Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge