UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEE A. BARNES, #160068,<br>                Petitioner,<br>-v-<br>MICHIGAN DEPARTMENT OF CORRECTIONS,<br>                Respondent. | No. 1:17-cv-265<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Lee Barnes, a prisoner under the control of the Michigan Department of Corrections, filed a petition for habeas relief under 28 U.S.C. § 2254.

On January 18, 2018, the magistrate judge issued a report recommending the petition be denied. (ECF No. 6.) The report and recommendation explained that objections needed to be filed within 14 days (PageID.482), citing 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. The rule explains that the district judge must resolve the objections.

Rather than filing objections, Barnes filed a notice of appeal "from the final judgement entered in this action." (ECF No. 7 PageID.483.) After the Sixth Circuit sent a letter explaining the need for a certificate of appealability, on February 1, 2018, this Court issued a Notice of Deficiency concerning the need to apply for *in forma pauperis* status for an appeal. (ECF No. 9.) The Notice also explained to Barnes that no final judgment had entered and that he still had the opportunity to file objections to the report and recommendation. (*Id.* PageID.488.) On February 4, this Court then denied Barnes a

certificate of appealability, again explaining that no final judgment had entered and that he could still file objections. (ECF No. 10 PageID.490.) On March 22, 2018, the Sixth Circuit dismissed Barnes's appeal for lack of jurisdiction. (ECF No. 13.)

Barnes has failed to file any objections to the Report and Recommendation. This Court has exercised jurisdiction over Barnes's lawsuit since it was filed. Under *Griggs v. Provident Consumer Discount, Company*, 459 U.S. 56, 61 (1982), the premature filing of a notice of appeal does not transfer jurisdiction from the district court to the court of appeals. The Report and Recommendation issued more than two months ago. Three times Barnes has been told that he could filed objections, once in the Report and Recommendation, once in the Notice of Deficiency, and once in the denial of the certificate of appealability. Barnes has not filed any objections and the time to do so has long passed. Where the prisoner fails to file objections, the district court has no obligation to review the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

Accordingly, the Report and Recommendation (ECF No. 6) is **ADOPTED** as the Opinion of this Court, including the recommendation that a Certificate of Appealability be denied. Barnes's petition for habeas relief is **DENIED**. A Certificate of Appealability is **DENIED. IT IS SO ORDERED.**

Date: March 28, 2018 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge